IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| DONALD WAYNE INGLE, JR., Plaintiff, | |
| v. | 2:26-CV-133-Z-BR |
| FERNANDO MARTINEZ, *et al.*, Defendants. | |

**ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court are the Findings, Conclusions, and Recommendation ("FCR") of the United States Magistrate Judge to dismiss this case under 28 U.S.C. Section 1915(g) as three-strikes barred. ECF No. 8. An Objection to the FCR has been filed. ECF No. 11. After making an independent review of the pleadings, files, and records in this case, the Court **OVERRULES** Plaintiff's Objection and concludes that the FCR of the Magistrate Judge is correct. It is therefore **ORDERED** that the FCR of the Magistrate Judge (ECF No. 8) is **ADOPTED** and this case is **DISMISSED without prejudice**.

**LEGAL STANDARD**

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b)(2). Under the "prison mailbox rule," a pro se prisoner's objections are deemed filed when delivered to prison authorities. *See Thompson v. Rasberry*, 993 F.2d 513, 515 (5th Cir. 1993). For timely objections, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). However, for objections that are not filed within the fourteen-day period, the Court reviews the Magistrate Judge's findings and

recommendations only for plain error. *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 502 (5th Cir. 2020).

**ANALYSIS**

The Magistrate Judge filed her FCR on June 23, 2026. ECF No. 8. Plaintiff's Objection is dated fifteen days later, on July 8, 2026. ECF No. 11 at 3. The Court assumes Plaintiff's Objection was delivered to prison authorities on that date and gives him the benefit of the prison mailbox rule. *See Rasberry*, 993 F.2d at 515. Even so, Plaintiff missed the fourteen-day window for timely objections. FED. R. CIV. P. 72(b)(2). Accordingly, the Court reviews the Magistrate's FCR only for plain error. *Serrano*, 975 F.3d at 502.

Plaintiff first objects to the magistrate's finding that he has been issued three strikes. ECF No. 11 at 1–2. He argues that "[t]o be a strike the presiding Judge must stipulate that they are issuing a strike against the Plaintiff." ECF No. 11 at 2. He notes that, of the three cases cited by the magistrate, only one included an express notice of a strike. ECF No. 11 at 2; *Ingle v. Butler*, No. 2:24-CV-140 (N.D. Tex., Apr. 23, 2025) ("Plaintiff is hereby issued a strike within the meaning of 28 U.S.C. Section 1915(g)."). Thus, he argues, his case cannot be dismissed as three-strikes barred. ECF No. 11 at 2.

Plaintiff is wrong on the law. Dismissal under 28 U.S.C. Section 1915(g) does not require the prior cases to expressly state that a strike was issued. Section 1915(g) provides in relevant part "[i]n no event shall a prisoner bring a civil action [without paying the filing fee] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim." If the case was dismissed for a listed reason, it counts as a strike—the statute says *nothing* about issuing formal strikes. 28 U.S.C. § 1915(g). Moreover, the Fifth Circuit has held that cases dismissed before Section 1915(g) was enacted can count as a strike. *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th

Cir. 1996). It follows that a case dismissed for one of the listed reasons must count even if it does not include an express warning about the "strike." Accordingly, the magistrate correctly applied the three-strikes provision. Plaintiff's first Objection is **OVERRULED**.

Plaintiff's second and final objection invokes Section 1915(g)'s exception for prisoners "under imminent danger of serious physical injury". 28 U.S.C. § 1915(g). He argues that "food poisoning has been known to kill a person." ECF No. 11 at 3. Thus, according to Plaintiff, his claim that he is at risk of food poisoning qualifies for the exception. ECF No. 11 at 2–3.[1]

To be sure, the Fifth Circuit has "held that specific and detailed allegations of food contamination are sufficient to demonstrate imminent danger" for purposes of Section 1915(g). *Prescott v. UTMB Galveston Texas*, 73 F.4th 315, 321 (5th Cir. 2023) (citing *Camp v. Putnam*, 807 F. App'x 303, 306 n.2 (5th Cir. 2020)). But in that case, Plaintiff alleged he was being served spoiled food. *Camp*, 807 F. App'x at 306 n.2 ("[H]e claims that the kitchen mixes spoiled food with new food, contaminating the entire meal and creating the risk of contracting salmonella and food poisoning."). Plaintiff's allegations here fail to demonstrate a similar risk of imminent danger. He alleges he got food poisoning because meal trays are "dirty" and "contaminated" due to an unrepaired dishwasher. ECF No. 3 at 9–10. But he acknowledges that the trays are cleaned between each use using "55 gallon buckets." *Id.* at 9, 11. It is not clear how Plaintiff thinks this "contaminates" the trays. By Plaintiffs' logic, anyone who washes their dishes at home in a sink full of water—which typically holds much less than fifty-five gallons—also faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). But of course, that cannot be right. Without more to go on, the Court cannot conclude that the magistrate committed plain error in determining Plaintiff is not "under

[1] Plaintiff's one cited case—issued years before the Prison Litigation Reform Act and Section 1915(g) were enacted—discusses the standard for substantive violations of the Eighth Amendment and is not relevant here. *See Helling v. McKinney*, 509 U.S. 25, 31–32 (1993).

imminent danger of serious physical injury." Plaintiff's second objection is **OVERRULED**.

## CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's Objection and concludes that the FCR of the Magistrate Judge is correct following de novo review. It is therefore **ORDERED** that the FCR of the Magistrate Judge (ECF No. 8) is **ADOPTED** and this case is **DISMISSED without prejudice**. Plaintiff's motions (ECF Nos. 5, 9, and 12) are **DENIED as moot**.

**SO ORDERED.**

August 5, 2026

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE